UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

    CURTIS LEE JOHNSON, JR.,               Case No. 14-31791-dof
           Debtor.                                  Chapter 13 Proceeding
                                                          Hon. Daniel S. Opperman
_____/

OPINION REGARDING FIRST APPLICATION FOR
APPROVAL OF PRE-CONFIRMATION ATTORNEY FEES AND COSTS

Introduction

Sweeney Law Offices, P.L.L.C., attorneys for the Debtor, filed a First Application for Approval of Payment of Pre-Confirmation Attorney Fees and Costs ("Application") of $16,700.00 and $309.25, respectively. AmeriHome Mortgage Company ("AmeriHome") and the Chapter 13 Trustee object to this Application. In response, Debtor's counsel agreed to reduce its request by $1,011.00. This response did not completely address the concerns of AmeriHome or the Chapter 13 Trustee, so the Court heard oral argument on August 23, 2016, and took this matter under advisement.

Findings of Fact

The Debtor filed his Chapter 13 Petition with this Court on June 23, 2014, and his Chapter 13 Plan was confirmed on June 29, 2016. During those two years, Debtor's counsel worked to modify the Debtor's mortgage, which included the initial request to have the mortgage holder consider modifications of the mortgage, the completion of the application to the mortgage holder, the approval of a trial payment period, and approval of the final modification. In this case, this task was not easy because of many circumstances, some out of the control of the Debtor and his counsel,

1

some in the control of the Debtor and his counsel, most of which are unfortunately present in many cases, and all of which the Court sees regularly. Also, the Debtor had rental property in Flint, Michigan, that he valued at $11,000.00 in Schedule A, with a mortgage debt of $40,000.00 owed to JPMorgan Chase Bank. Through negotiations, the Debtor and his counsel crammed this debt, which was actually $29,912.53 as evidenced by the proof of claim filed in this case, to $20,000.00, payable at $377.42 per month over five years at 5.0% interest. Per Schedule I, the Debtor receives monthly rental income of $650.00 from this house. During all of this time, the Debtor was employed as a counselor at a local funeral home, earning approximately $32,000.00 per year.

After much effort, the Debtor's Amended Chapter 13 Plan was confirmed, with monthly payments to the Chapter 13 Trustee of $1,566.32. AmeriHome and JPMorgan Chase, the two secured creditors of the Debtor, receive most of this money because the modified mortgage payment to AmeriHome is $701.50 [1] and JPMorgan Chase is paid $377.42. The Debtor's one unsecured creditor will receive a minimal amount.

After confirmation, the Debtor's attorneys filed its Application. The Chapter 13 Trustee objected to various entries, including the following which are still in issue:

| Initials | Date | Time | Amount |
|---|---|---|---|
| JRS | 10/03/2014 | .10 | $ 25.00 |
| KAS | 10/23/2014 | .10 | $ 23.50 |
| KAS | 11/13/2014 | .10 | $ 23.50 |
| KAS | 12/08/2014 | .20 | $ 47.00 |
| KAS | 12/09/2014 | .10 | $ 23.50 |
| KAS | 12/10/2014 | .10 | $ 23.50 |
| KAS | 12/10/2014 | .10 | $ 23.50 |
| KAS | 12/10/2014 | .10 | $ 23.50 |

---

[1] Per the August 13, 2015, Order of the Court, this number includes a tax and insurance escrow which varies annually. AmeriHome's objection to the instant Application recites this amount as currently $744.26.

| Initials | Date | Time | Amount |
|---|---|---|---|
| KAS | 02/08/2015 | .10 | $ 23.50 |
| KAS | 03/11/2015 | .10 | $ 23.50 |
| KAS | 03/17/2015 | .10 | $ 23.50 |
| KAS | 03/18/2015 | .10 | $ 23.50 |
| KAS | 03/26/2015 | .10 | $ 23.50 |
| KAS | 04/02/2015 | .10 | $ 23.50 |
| KAS | 05/22/2015 | .10 | $ 23.50 |
| KAS | 05/26/2015 | .10 | $ 23.50 |
| KAS | 06/09/2015 | .10 | $ 23.50 |
| KAS | 07/01/2015 | .20 | $ 47.00 |
| KAS | 08/10/2015 | .10 | $ 23.50 |
| KAS | 08/20/2015 | .10 | $ 23.50 |
| KAS | 09/05/2015 | .10 | $ 23.50 |
| KAS | 11/25/2015 | .10 | $ 23.50 |
| KAS | 12/03/2015 | .10 | $ 23.50 |
| KAS | 02/05/2016 | .10 | $ 23.50 |
| Total | | | $612.50 |

Also, the Chapter 13 Trustee argues the fees are too high for a case of this magnitude and counsel should exercise some billing judgment and consider the nature of the case. Additionally, the Chapter 13 Trustee reminds the Court that the applicant has the burden of proof as to the nature, extent, and the amount of the fees. After taking all of these elements into account, the Chapter 13 Trustee states the attorney fees should be $9,500.00.

AmeriHome has a slightly different objection in that it does not quarrel with the amount of fees, but instead points out that payment of attorney fees, if made before the monthly payment of $744.26 to AmeriHome, will cause a post-petition default for 11 months and will take 36 months to cure that post-petition default. Accordingly, AmeriHome argues 11 U.S.C. § 1322(b)(5) prohibits this and requires a reduced installment payment of the attorney fees. *United Fin. Credit Union v. Maike (In re Maike)*, No. 15-cv-13176, 2016 WL 1391855, at *7-*8 (E.D. Mich. Apr. 7, 2016).

3

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

## Applicable Law

11 U.S.C. § 330(a)(3) provides, in relevant part:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including–
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services where performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(4) prohibits the Court from allowing compensation for:

> (i) unnecessary duplication of services; or
>
> (ii) services that were not–
>
> (I) reasonably likely to benefit the debtor's estate; or
>
> (II) necessary to the administration of the case.

The lodestar method is to be utilized in awarding fees under Section 330. *Boddy v. United*

4

*States Bankruptcy Court, Western District of Kentucky (In re Boddy)*, 950 F.2d 334 (6th Cir. 1991). The lodestar method of fee calculation multiplies the attorney's reasonable hourly rate by the number of hours reasonably expended. *Id*. at 337. The *Boddy* Court further held:

> The bankruptcy court also may exercise its discretion to consider other factors such as the novelty and difficulty of the issues, the special skills of counsel, the results obtained, and whether the fee awarded is commensurate with fees for similar professional services in non-bankruptcy cases in the local area. In many cases, these factors will be duplicative if the court first determines the lodestar amount because the lodestar presumably subsumes all of these factors in its analysis of the *reasonable* hourly rate and the *reasonable* hours worked.

*Boddy*, 950 F.2d at 338 (citations omitted).

Per *Boddy*, a "court can legitimately take into account the typical compensation that is adequate for attorney fees in Chapter 13 cases, as long as it expressly discusses these factors in light of the reasonable hours actually worked and a reasonable hourly rate." *Id.*

The professional requesting compensation has the burden of proof regarding the application for compensation. *In re Sharp*, 367 B.R. 582, 585 (Bankr. E.D. Mich. 2007); *In re New Boston Coke Corp.*, 299 B.R. 432 (Bankr. E.D. Mich. 2003).

Analysis

Starting with the *Boddy* analysis, the hourly rate of $235.00-$250.00 is not contested by any party and is within the range of hourly rates charged by attorneys of similar skills. The area of contention is the amount of hours spent by counsel to accomplish confirmation of the Debtor's plan. The conceded $1,011.00 reduction by Debtor's counsel is a start, but the Chapter 13 Trustee urges a greater reduction.

An analysis of the various time entries, however, results in a $589.00 reduction, far short of the $9,500.00 total amount the Chapter 13 Trustee believes appropriate. Viewed closer, the

5

contested entries are indeed linked to some legal services to the Debtor. For example, the emails and text messages of October 13, 2014; November 13, 2014; December 9, 2014; and December 10, 2014, all involve the conveyance of information regarding the Debtor's bankruptcy either to the Debtor or in response to the Debtor's inquiry. Taken alone, all entries appear related and necessary to the Debtor's Chapter 13. That noted, the Court does struggle with whether each entry did involve .10 hour or 6 minutes, or a much shorter time devoted to the task, even taking into account the distinct possibility the attorney had to interrupt an ongoing project to perform the described task.

An even greater struggle arises when the fees are taken in context of the instant case. Here, the Debtor obtained at least two measurable positive results: modification of the mortgage on his house and the cram down of the mortgage on his rental property. When he filed, he owed AmeriHome $111,331.19, with a 7% interest rate and $1,106.82 in monthly payments. He was $16,237.96 in arrears. After the mortgage was modified, the Debtor had his interest rate and monthly payment lowered to 4% and $701.50, respectively.

Likewise, the amount owed to JPMorgan Chase was reduced from $29,912.53 to $20,000.00 with an avenue to pay this obligation completely in his Chapter 13 Plan, thus allowing him to enjoy more of the $650.00 monthly rent payment from this house.

The formalized approach of *Boddy* only allows for the reduction of fees by $589.00 for the reasons pointed out by the Chapter 13 Trustee. *Boddy* also allows, however, the Court to exercise its discretion to consider other factors. One of those factors, the results obtained, is noteworthy in this case.

Here, the Debtor received relief from the onerous financial terms of his mortgage and enjoys a drop in his monthly payment of approximately $300.00, but will have to pay that amount for a long

6

time. Over the five-year term of the Chapter 13 Plan, he will pay $18,000.00 less ($300.00 per month x 12 months x 5 years). Also, he obtained a benefit of approximately $10,000.00 by having his $29,912.53 debt to JPMorgan Chase crammed down to $20,000.00. In the intermediate term, the Debtor and by extension, his estate, has gained $28,000.00. Also, the Debtor will not have to pay much of the $32,747.00 listed on his Schedules as unsecured debt.

The Debtor, however, is not in the clear. His Schedule I monthly income is approximately $3,000.00 per month, including the rental house income. He will have to spend wisely to pay the promised $1,566.32 per month to the Trustee over the term of the Chapter 13 Plan. After that term expires, the Debtor will still have to pay AmeriHome a significant amount of his income.

From all of this, the Court concludes that the *Boddy* analysis requires the Court to examine the Debtor's counsel's services closely. Here, the Court finds that counsel has not met his burden of proof that the entire $15,699.00 is an appropriate award. Debtor has been greatly assisted by counsel, but not by $15,699.00. Instead, the Court concludes that Debtor's counsel should be awarded $10,000.00.

First, this award more closely fits the proportions of the benefit to the Debtor and his estate. The reduction of secured debt is worth approximately $28,000.00 over the course of the plan. A partial sharing of that savings is appropriate. While the Court has taken into consideration that the Debtor will discharge approximately $32,747.00, this amount is routinely discharged at a nominal rate in a Chapter 13 or completely without payment in a Chapter 7, with less attorney fees.

Second, the Chapter 13 Trustee does have a valid point by observing that the rate of $3,500.00 covers most Chapter 13 cases and its associated costs and that in this case, the mortgage

7

14-31791-dof    Doc 157    Filed 09/26/16    Entered 09/26/16 15:54:17    Page 7 of 9

modification result is often accomplished for $2,000.00, with the cram down of the mortgage being of a like amount. Some additional services, such as amending plans and receiving claims, were rendered, but these services are not worth an additional $7,000.00-$8,000.00.

While Debtor's counsel may be meticulous in keeping track of its hours, extraordinary bookkeeping skills alone do not warrant an award of $15,699.00 for a Debtor who has obtained an economic benefit of approximately $28,000.00, the discharge of unsecured debt of $32,747.00, but with a budget that devotes approximately one-third of his income for housing. Accordingly, the Court awards $10,000.00 in attorney fees and $309.25 in costs.

The Court considers AmeriHome's objection next. As observed by the District Court in *Maike*:

> While post-confirmation default in Chapter 13 cases resulting from the timing provisions of the code or from defaults in payments by the debtor may often be inevitable, and curable under § 1322(b)(5), it does not follow that § 1322(b)(5) allows a Chapter 13 plan to intentionally modify the homestead mortgagee's right to receive payment each month in contravention of § 1322(b)(2). Section 1322(b)(5) exists as a mechanism to cure defaults and maintain payments while a bankruptcy case is pending – it does not exist to allow the plan itself to create default at the expense of the homestead mortgagee in order to prioritize payment to debtor's counsel, exclusively.

*Maike*, 2016 WL 1391855, at *7.

In this case, payment of the attorney fees before the monthly payment violates 11 U.S.C. § 1322 and the *Maike* decision. AmeriHome's objection is well founded. After payment of the Chapter 13 Trustee fees, AmeriHome is entitled to its monthly payment, currently $744.26, as stated in its objection. Thereafter, as funds are available, Debtor's counsel and JPMorgan Chase may be paid.

The objection of AmeriHome is sustained, the objection of the Chapter 13 Trustee is sustained in part, and Debtor's counsel is awarded $10,000.00 in fees and $309.25 in expenses.

8

Counsel for the Debtor is directed to prepare an Order consistent with this Opinion and the presentment of order procedures of this Court.

Not For Publication

**Signed on September 26, 2016**

                                                **/s/ Daniel S. Opperman**
                                                **Daniel S. Opperman**
                                                **United States Bankruptcy Judge**